### WOODRUFF et al. v. PITNEY et al.
### No. 16307.

District Court, E. D. New York.

Aug. 14, 1942.

Hagen & Eidenbach, of New York City (Charles W. Hagen, of New York City, of counsel), for libellant.

Macklin, Brown, Lenahan & Speer, of New York City (Leo F. Hanan, of New York City, of counsel), for respondents.

CAMPBELL, District Judge.

On the afternoon of June 9th, 1941, shortly before four o'clock, the Erie Railroad tug Shohola, left Pier 57, North River, with a barge on either side in tow, the barge on the tug's starboard side being the libellant's barge Erie #269, which was towed stern first.

798

The Shohola, with her tow, proceeded down the North River, bound around the Battery, for Pier 36, Brooklyn.

The weather was clear, wind fresh from the northeast, tide ebb.

The tug McGuirl Brothers, with two barges in a tandem tow, on short hawsers, was proceeding in the opposite direction up the North River, bound for the Cornell Stakeboat.

The respondent's New Jersey Central Steam Lighter #29, which had left Pier 57, Brooklyn, bound for Pier 60, North River, was coming up astern of the McGuirl's tow, and somewhat to starboard, and moving faster than the McGuirl Brothers.

When about off Pier 1, the Shohola was well to starboard of both the McGuirl Brothers and the No. 29, and she sounded a two-whistle signal, for a starboard to starboard passing.

No answer was received.

The No. 29 was overtaking the McGuirl, on a course which would have endangered the Shohola's tow, and the master of the Shohola sounded an alarm, and a two-whistle signal, which was answered by the McGuirl Brothers with a two-whistle signal.

After the second two-whistle signal, and before the alarm was sounded by the Shohola, it is contended, on behalf of the No. 29, that she sounded a one-whistle signal, for a port to port passing, and went to starboard. That signal was not heard by anyone on the Shohola, or the McGuirl Brothers, and was not answered by the Shohola. The No. 29, without waiting for any answer, although well to starboard of the course of the Shohola, changed her course more to her starboard, that is, toward the Battery, on a course to cross the bow of the Shohola.

The No. 29 was the overtaking vessel, and sounded no passing signal to the McGuirl Brothers, and that was a fault.

The testimony of John Stringer, the mate of the McGuirl Brothers, a disinterested witness, clearly shows that there was sufficient clearance between the courses of the McGuirl Brothers and the Shohola, to have permitted the No. 29 to make a starboard to starboard passing, between her and the Shohola.

The McGuirl Brothers had been going generally to her port, as she intended to go to the Cornell Stakeboat further up the river on the New Jersey shore.

The Shohola went slightly to her port.

The No. 29 would have passed the Shohola safely starboard to starboard, as she never was other than clearly to starboard of the Shohola, until the No. 29 was passing the McGuirl Brothers' tow and changed her course to starboard two to two and one-half points.

When the collision was imminent, the No. 29 and the Shohola put their engines full speed astern, but the stem of the No. 29 struck the port stern corner of the No. 269, inflicting damage on her.

The collision occurred about off the Aquarium, 200 to 250 feet of the New York shore.

The libellants, their agents or servants, were without blame or fault.

The respondents, their agents or servants, were wholly and solely at fault and to blame.

A decree should be entered in favor of the libellants with costs, and usual order of reference.